7/23/15 MM
17:55 AM

| AOC-105<br>Rev. 12-01<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice          www.kycourt.net<br>CR 4.02; CR Official Form 1 | Doc. Code: CI<br><br><br>CIVIL SUMMONS | Case No.  15-CI-636<br><br>Court:    [X] Circuit  [ ] District<br><br>County:   Daviess |

Karen Arnold                                                                                    **PLAINTIFF**

**vs.**

Owensboro Health Facilities, L.P.                                                        **DEFENDANT(s)**
d/b/a Twin Rivers Nursing and Rehabilitation Center

Service of Process Agent for Defendant:

Owensboro Health Facilities, L.P
d/b/a Twin Rivers Nursing and Rehabilitation Center
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(s):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint. Also served with the Complaint are First Set of Interrogatories and First Requests for Production of Documents.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _July_ , 2015              **SUSAN W. TIERNEY, CIRCUIT CLERK**

_____, Clerk

By: _T. Ward_ , D.C.

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:<br><br>_____<br><br>this _____ day of _____, 2015.<br><br>Served by: _____<br><br>_____ Title |

Page 1 of 1

COMMONWEALTH OF KENTUCKY
IN THE CIRCUIT COURT OF DAVIESS COUNTY
DIVISION $\underline{I}$

Civil Action File No. $\underline{15-CI-636}$

Karen Arnold                                                    PLAINTIFF

v.                              **COMPLAINT**

Owensboro Health Facilities, L.P                    DEFENDANTS
d/b/a Twin Rivers Nursing and Rehabilitation Center
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601                                 **FILED**

Owensboro Health Facilities GP, LLC                 **JUL 15 2015**
c/o Robert J. Riek
5500 W. Plano Parkway, Suite 210                    SUSAN W. TIERNEY, CLERK
Plano, TX 75093                                     BY:_____ D.C.

Preferred Care Partners Management Group, L.P.
c/o Registered Agent Solutions, Inc.
1701 Directors Blvd.
Suite 300
Austin, TX 78744

PCPMG, LLC
c/o Registered Agent Solutions
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Preferred Care of Delaware, Inc.
d/b/a Preferred Care, Inc.
c/o National Registered Agents, Inc.
306 W. Main Street
Suite 512
Frankfort, KY 40601

Kentucky Partners Management, LLC
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 129
Lexington, KY 40504

Shelly Ranee Maffia, in her capacity as Administrator
of Twin Rivers Nursing and Rehabilitation Center
98 Burglen Hills Drive
Tell City, IN 47586

and John Does 1 through 5,
Unknown Defendants

COMES NOW Plaintiff, Karen Arnold, and for this cause of action against
Defendants, Owensboro Health Facilities L.P. d/b/a Twin Rivers Nursing and
Rehabilitation Center; Owensboro Health Facilities GP, LLC; Preferred Care Partners
Management Group, L.P.; PCPMG, LLC; Preferred Care of Delaware, Inc. d/b/a
Preferred Care, Inc.; Kentucky Partners Management Group, LLC; and Shelly Maffia, in
her capacity as Administrator of Twin Rivers Nursing and Rehabilitation Center;  and
John Does 1 through 5, Unknown Defendants and states:

1.   Upon information and belief, Karen Arnold was admitted as a resident of Twin
Rivers Nursing and Rehabilitation Center, located at 2420 W 3rd St. Owensboro, KY
42301, (hereinafter sometimes referred to as "the facility"), on February 4, 2015 and
remained there until February 22, 2015.

2.     Defendant Owensboro Health Facilities, LP d/b/a Two Rivers Nursing and
Rehabilitation Center, a foreign ULPA limited partnership with its principal office located
at 5420 W. Plano Parkway, Plano, TX  75093, is authorized to do business in the
Commonwealth of Kentucky. Upon information and belief, at all times material to this
action, Defendant Owensboro Health Facilities, LP was the "licensee" of Twin Rivers
Nursing and Rehabilitation Center and owned, operated, managed, controlled and/or
provided services for the facility. Under the law and regulations promulgated and
enforced by the Cabinet for Health and Family Services, as licensee of Twin Rivers

Nursing and Rehabilitation Center, Defendant Owensboro Health Facilities, LP was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of Twin Rivers Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Owensboro Health Facilities, LP in the ownership, operation, management, control, licensing and/or services provided for Twin Rivers Nursing and Rehabilitation Center during the residency of Karen Arnold. The agent for service of process for Defendant Owensboro Health Facilities, LP is National Registered Agents, Inc., 306 W. Main Street, Suite 512, Frankfort, KY 40601.

3.      Defendant Owensboro Health Facilities GP, LLC is a foreign limited liability company with its principal office located at 5420 W. Plano Parkway, Plano, TX 75093. Upon information and belief, at all times material to this action, Defendant Owensboro Health Facilities GP, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Twin Rivers Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Owensboro Health Facilities GP, LLC in the ownership, operation, management, control and/or services provided for Twin Rivers Nursing and Rehabilitation Center during the residency of Karen Arnold. Defendant Owensboro Health Facilities GP, LLC is without an agent for service of process within the Commonwealth of Kentucky and which should, therefore, be served with process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its

3

own agent, Robert J Riek, 5500 W. Plano Parkway, Suite 210, Plano, TX 75093, by certified mail.

4.      Defendant Preferred Care Partners Management Group, L.P., is a foreign limited partnership with its principal office located at 5420 W. Plano Parkway, Plano, TX 75093. Upon information and belief, at all times material to this action, Defendant Preferred Care Partners Management Group, L.P. owned, operated, managed, controlled and/or provided services for nursing facilities, including Twin Rivers Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Preferred Care Partners Management Group, L.P. in the ownership, operation, management, control and/or services provided for Twin Rivers Nursing and Rehabilitation Center during the residency of Karen Arnold. Defendant Preferred Care Partners Management Group, L.P. is without an agent for service of process within the Commonwealth of Kentucky and which should, therefore, be served with process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its own agent, Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX 78744 by certified mail.

5.      Defendant PCPMG, LLC, is a foreign limited liability company with its principal office located at 5420 W. Plano Parkway, Plano, TX 75093. Upon information and belief, at all times material to this action, Defendant PCPMG, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Twin Rivers Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant PCPMG, LLC in the

ownership, operation, management, control and/or services provided for Twin Rivers Nursing and Rehabilitation Center during the residency of Karen Arnold. Defendant PCPMG, LLC is without an agent for service of process within the Commonwealth of Kentucky and which should, therefore, be served with process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its own agent, Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX 78744 by certified mail.

6.      Defendant Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc., is a foreign corporation, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 5420 W. Plano Parkway, Plano, TX   75093. Upon information and belief, at all times material to this action, Defendant Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities, including Twin Rivers Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc., Inc.in the ownership, operation, management, control and/or services provided for Twin Rivers Nursing and Rehabilitation Center during the residency of Karen Arnold. The agent for service of process for Defendant Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc. is National Registered Agents, Inc., 306 W. Main Street, Suite 512, Frankfort, KY 40601.

7. Defendant Kentucky Partners Management, LLC is a foreign limited liability company authorized to do business in the Commonwealth of Kentucky, with the

principal office located at 5420 W. Plano Parkway, Plano, TX 75093. Upon information and belief, at all times material to this action, Defendant Kentucky Partners Management, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Twin Rivers Nursing and Rehabilitation Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Kentucky Partners Management, LLC in the ownership, operation, management, control and/or services provided for Twin Rivers Nursing and Rehabilitation Center during the residency of Karen Arnold. The agent for service of process for Defendant Kentucky Partners Management, LLC is Registered Agent Solutions, Inc., 828 Lane Allen Road, Suite 219, Lexington, KY 40504.

8. Upon information and belief, Defendant Shelly Ranee Maffia was an Administrator of Twin Rivers Nursing and Rehabilitation Center during the residency of Karen Arnold. The causes of action made the basis of this suit arise out of Defendant Shelly Ranee Maffia's administration of the facility during the residency of Karen Arnold. Defendant Shelly Ranee Maffia may be served with process at her last known address of 98 Burglen Hills Drive, Tell City, IN 47586.

9. Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Karen Arnold, or directly or vicariously liable for the injuries of Karen Arnold. Plaintiffs are currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Karen Arnold during her residency at Twin Rivers Nursing and Rehabilitation Center.

10. Whenever the term "Nursing Home Defendant" is utilized within this suit, such term collectively refers to and includes Owensboro Health Facilities L.P. d/b/a Twin Rivers Nursing and Rehabilitation Center; Owensboro Health Facilities GP, LLC; Preferred Care Partners Management Group, L.P.; PCPMG, LLC; Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc. and Kentucky Partners Management Group, LLC.

11. Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Shelly Ranee Maffia.

12. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

13. Defendants controlled the operation, planning, management, budget and quality control of the facility. The authority exercised by Defendants over the respective nursing homes included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing homes, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax and accounting control through fiscal policies established by Defendants.

14. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

15. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 14 as if fully set forth herein.

7

16. Upon information and belief, Karen Arnold was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat her.

17. At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled and/or provided services for Twin Rivers Nursing and Rehabilitation Center, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

18. Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

19. Nursing Home Defendants failed to discharge their obligations of care to Karen Arnold, and in so failing, displayed a conscious disregard for her rights and safety. At all times mentioned herein, Nursing Home Defendants, individually and/or through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Karen Arnold, as more fully set forth below. Nursing Home Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Twin Rivers Nursing and Rehabilitation Center, including Karen Arnold.

20. Due to the wrongful conduct of Nursing Home Defendants, Karen Arnold suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

    a)    Urinary tract infection;
    b)    Lice infestation;
    c)    Falls; and
    d)    Right clavicle fracture.

21. Karen Arnold also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of Nursing Home Defendants as alleged below.

22. The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Karen Arnold's health deteriorated, and she required medical treatment.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

23. Plaintiff, Karen Arnold, re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 22 as if fully set forth herein.

24. Nursing Home Defendants owed a non-delegable duty to Karen Arnold to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

25. Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Karen Arnold.

26. Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

1) ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Karen Arnold, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

2) ensuring compliance with the resident care policies for the facility; and

3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b) Failure to develop, implement and follow policies to assist Karen Arnold in attaining and maintaining the highest level of physical, mental and psychological well-being;

c) Failure to maintain all records on Karen Arnold in accordance with accepted standards and practices;

d) Failure to provide the minimum number of qualified personnel to meet the total needs of Karen Arnold;

e) Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f) Failure to ensure that Karen Arnold received adequate and proper custodial care;

g) The failure to maintain all records on Karen Arnold in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment;

h) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Karen Arnold:

1) received timely and accurate care assessments;

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision; and

5) received timely intervention due to significant changes in condition;

i) Failure to have in place adequate guidelines, policies and procedures for the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to ensure that Karen Arnold received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

l) Failure to protect Karen Arnold from abuse and neglect; and

m) Failure to increase the number of personnel at the facility to ensure that Karen Arnold not suffer the above-listed failures.

27. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Karen Arnold. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Karen Arnold.

28. Pursuant to KRS 446.070, Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence per se. Karen Arnold was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence per se of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

11

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Karen Arnold; and/or,

b) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

29. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Karen Arnold suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled to by law.

## COUNT II – MEDICAL NEGLIGENCE

30. Plaintiff, Karen Arnold, re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 29 as if fully set forth herein.

31. Nursing Home Defendants had a duty to provide the standard of professional medical care and services that a reasonably competent nursing facility acting under the same, and similar, circumstances would provide.

32. Nursing Home Defendants failed to meet the applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

a) The overall failure to ensure that Karen Arnold:

12

1)   received timely and accurate care assessments;

2)   received prescribed treatment and medication;

3)   received appropriate diet and nutrition;

4)   received necessary supervision; and

5)   received timely intervention due to significant changes in condition;

b)   Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Karen Arnold throughout her residency;

c)   Failure to provide and implement an adequate nursing care plan based on the needs of Karen Arnold;

d)   Failure to provide care, treatment and medication in accordance with physician's orders;

e)   Failure to adequately and appropriately monitor Karen Arnold and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

f)   Failure to ensure Karen Arnold was not deprived of the services necessary to maintain her health and welfare;

g)   Failure to inform the physician and family of significant changes in condition;

h)   Failure to ensure that Karen Arnold received adequate and proper supervision and hygiene as well as infection control procedures;

i)   Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Karen Arnold; and

j)   Failure to provide proper supervision, treatment, assessment and monitoring of Karen Arnold in order to prevent the above-listed injuries;

k)   Failure to administer and secure appropriate medical care following the development and/or discovery of Karen Arnold's above-listed injuries; and

13

l)    Failure to increase the number of personnel at the facility to ensure that Karen Arnold not suffer the above-listed failures.

33. It was foreseeable that the breaches of care listed above would result in serious injuries to Karen Arnold.  A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

34. With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Karen Arnold.

35. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Karen Arnold suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

36. Plaintiff, Karen Arnold, re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 35 as if fully set forth herein.

37. Upon information and belief, Karen Arnold was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs

14

where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Karen Arnold received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Karen Arnold, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

38. Nursing Home Defendants owed a non-delegable duty to assist Karen Arnold in attaining and maintaining the highest level of physical, mental and psychological well-being.

39. Nursing Home Defendants owed a duty to Karen Arnold to maintain their facility, including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

40. Nursing Home Defendants owed a duty to Karen Arnold to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws or guidelines, which were adopted by Nursing Home Defendants to insure a smoothly run facility and adequate resident care.

41. Nursing Home Defendants owed a duty to Karen Arnold to provide a safe environment; to provide treatment and recovery; and to exercise ordinary care and attention for the safety of residents, including Karen Arnold, in proportion to the physical

and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Karen Arnold from danger due to her inability to care for herself. Nursing Home Defendants had a duty to protect Karen Arnold from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

42. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Karen Arnold.

43. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Karen Arnold suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT IV – VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

44. Plaintiff, Karen Arnold, re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 43 as if fully set forth herein.

45. Nursing Home Defendants violated statutory duties owed to Karen Arnold as a resident of a long-term care facility, KRS 216.510 et seq. Plaintiff specifically

references KRS 216.515 here, without limiting the import of the remaining portions of the resident's rights statutes. These statutory duties were non-delegable.

46. The violations of the resident's rights of Karen Arnold include, but are not limited to, the following:

a)  Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

b)  Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

c)  Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

d)  Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

e)  Violation of the right to be free from mental and physical abuse and neglect; and

f)  Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

47. As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. §216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

48. With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Karen Arnold and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT

### FACTUAL ALLEGATIONS

49. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 22 as if fully set forth herein.

50. As administrator of Twin Rivers Nursing and Rehabilitation Center, Administrator Defendant was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant owed ordinary duties of care to Karen Arnold, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et seq.*

51. As a holder of a nursing home administrator's license for Twin Rivers Nursing and Rehabilitation Center, Administrator Defendant were legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

52. Administrator Defendant was also responsible for the total management of Twin Rivers Nursing and Rehabilitation Center pursuant to federal law.

53. Administrator Defendant's management responsibilities included ensuring that Twin Rivers Nursing and Rehabilitation Center operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

54. Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well–being of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached her duties of care to Karen Arnold by failing to meet these requirements.

## COUNT I – NEGLIGENCE

55. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 22 and 49 – 54 as if fully set forth herein.

56. As administrator of Twin Rivers Nursing and Rehabilitation Center, Administrator Defendant owed a duty to the residents of Twin Rivers Nursing and Rehabilitation Center, including Karen Arnold, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

19

57. Administrator Defendant breached her duties owed to the residents of Twin Rivers Nursing and Rehabilitation Center, including Karen Arnold, during her tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Karen Arnold the care she required. The negligence of Administrator Defendant includes, but is not limited to, the following acts and omissions:

    a)    Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that Karen Arnold:

        1)    received timely and accurate care assessments;

        2)    received prescribed treatment and medication;

        3)    received appropriate diet and nutrition;

        4)    received necessary supervision; and

        5)    received timely intervention due to significant changes in condition;

    b)    Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

    c)    Failure to ensure that Karen Arnold was provided with basic and necessary care and supervision;

    d)    Failure to ensure that Karen Arnold received care, treatment, and medication as prescribed or in accordance with physician's orders;

    e)    Failure to ensure that Karen Arnold attained and maintained her highest level of physical, mental, and psychosocial well–being;

    f)    Failure to ensure that Karen Arnold was treated with the dignity and respect that all nursing home residents are entitled to receive;

    g)    Failure to provide a safe environment for Karen Arnold;

    h)    Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

    i)    Failure to discipline or terminate employees at the facility assigned to Karen Arnold that were known to be careless, incompetent, and

unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j)     Failure to adopt adequate guidelines, policies, and procedures for:

     1)     investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

     2)     determining the cause of any such deficiencies, violations, or penalties;

     3)     establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

     4)     determining whether the facility had sufficient numbers of personnel to meet the total needs of Karen Arnold; and,

     5)     documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

k)     Failure to maintain all records on Karen Arnold in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

l)     Failure to inform the physician and family of significant changes in condition;

m)     Failure to increase the number of personnel at the facility to ensure that Karen Arnold received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention, hygiene, feeding, and administering medications;

n)     Failure to ensure that staff provide Karen Arnold with adequate and proper infection control measures, supervision, skin care, medication administration and hygiene;

o)  Failure to ensure that staff provided proper supervision, treatment, assessment and monitoring of Karen Arnold to prevent her from suffering the above-listed injuries;

p)  Failure to ensure that staff administered and secured appropriate medical care for Karen Arnold's the above-listed injuries; and

q)  Failure to increase the number of personnel at the facility to ensure that Karen Arnold not suffer the above-listed failures.

58. A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in serious injuries to Karen Arnold. Each of the foregoing acts of negligence on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Karen Arnold as to constitute gross negligence.

59. Additionally, Administrator Defendant failed to operate, manage or administer Twin Rivers Nursing and Rehabilitation Center in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, including, but not limited to:

a)  Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 *et seq.*;

b)  Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Karen Arnold with her needs;

c)  Failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d)  Failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and

psychosocial well – being of Karen Arnold, and in accordance with the comprehensive assessment and plan of care created at the facility;

e)   Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Karen Arnold in accordance with the resident care plan generated at the facility;

f)   Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Karen Arnold;

g)   Failure to ensure a nursing care plan based on Karen Arnold's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental, and psychosocial needs as identified in her comprehensive assessment when Karen Arnold's needs changed;

h)   Failure to notify Karen Arnold's family and physician of a need to alter her treatment significantly.

60. Karen Arnold was member of a class intended to be protected by the above laws and regulations. The injuries alleged in Paragraph 20 resulted from events the laws and regulations were designed to prevent.

61. It was foreseeable that these breaches of statutory duties would result in serious injuries to Karen Arnold. Each of the foregoing acts of negligence *per se* on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Karen Arnold as to constitute gross negligence.

62. As a direct and proximate result of such negligent, grossly negligent, wanton, or reckless conduct, Karen Arnold suffered the injuries described in Paragraph 20, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrator Defendant including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in

excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

63.   Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 62 as if fully set forth herein.

64.   As a direct and proximate result of the negligence of all Defendants as set out above, Karen Arnold suffered injuries including, but not limited to, those listed herein. As a result, Karen Arnold incurred significant medical expenses, and suffered embarrassment, and physical impairment.

65.   Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Karen Arnold, prays for judgment against Defendants, Owensboro Health Facilities L.P. d/b/a Twin Rivers Nursing and Rehabilitation Center; Owensboro Health Facilities GP, LLC; Preferred Care Partners Management Group, L.P.; PCPMG, LLC; Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc.; Kentucky Partners Management Group, LLC; Shelly Maffia, in her capacity as Administrator of Twin Rivers Nursing and Rehabilitation Center; and John Does 1 through 5 Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and for all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this 14th day of July, 2015,

Karen Arnold,

By:

Brian M. Jasper (KY 94428)
**WILKES and McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:   (859) 455-3356
Facsimile:   (859) 455-3362
*Attorney for Plaintiff*

# COMMONWEALTH OF KENTUCKY
## IN THE CIRCUIT COURT OF DAVIESS COUNTY
### DIVISION  I

Civil Action File No. 15-CI-636

Karen Arnold                                                          PLAINTIFF

v.          **NOTICE OF COMPLIANCE WITH KRS 411.188**

Owensboro Health Facilities, L.P                          DEFENDANTS
d/b/a Twin Rivers Nursing and Rehabilitation Center
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512              **FILED**
Frankfort, KY 40601

Owensboro Health Facilities GP, LLC              JUL 15 2015
c/o Robert J. Riek
5500 W. Plano Parkway, Suite 210            SUSAN W. TIERNEY, CLERK
Plano, TX 75093                             BY:_____D.C.

Preferred Care Partners Management Group, L.P.
c/o Registered Agent Solutions, Inc.
1701 Directors Blvd.
Suite 300
Austin, TX 78744

PCPMG, LLC
c/o Registered Agent Solutions
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Preferred Care of Delaware, Inc.
d/b/a Preferred Care, Inc.
c/o National Registered Agents, Inc.
306 W. Main Street
Suite 512
Frankfort, KY 40601

Kentucky Partners Management, LLC
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 129
Lexington, KY 40504

Shelly Ranee Maffia, in her capacity as Administrator
of Twin Rivers Nursing and Rehabilitation Center
98 Burglen Hills Drive
Tell City, IN 47586

and John Does 1 through 5,
Unknown Defendants

Plaintiff hereby gives notice to all interested parties of her compliance with KRS 411.188 by giving the required notification to the potential lienholders on the list attached hereto as **Exhibit A**.

Respectfully submitted this 14th day of July, 2015,

Karen Arnold,

By:

Brian M. Jasper (KY 94428)
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:   (859) 455-3356
Facsimile:    (859) 455-3362
*Attorney for Plaintiff*

## EXHIBIT A

Kentucky Department for Medicaid Services

Medicare – Coordination of Benefits

Wellcare

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF DAVIESS COUNTY**
**DIVISION I**

**Civil Action File No.15-CI-636**

Karen Arnold                                                                                    PLAINTIFF

v.                          **NOTICE OF SERVICE OF WRITTEN DISCOVERY**

Owensboro Health Facilities, L.P                                                DEFENDANTS
d/b/a Twin Rivers Nursing and Rehabilitation Center
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

Owensboro Health Facilities GP, LLC
c/o Robert J. Riek
5500 W. Plano Parkway, Suite 210
Plano, TX 75093

Preferred Care Partners Management Group, L.P.
c/o Registered Agent Solutions, Inc.
1701 Directors Blvd.
Suite 300
Austin, TX 78744

PCPMG, LLC
c/o Registered Agent Solutions
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Preferred Care of Delaware, Inc.
d/b/a Preferred Care, Inc.
c/o National Registered Agents, Inc.
306 W. Main Street
Suite 512
Frankfort, KY 40601

Kentucky Partners Management, LLC
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 129
Lexington, KY 40504

Shelly Ranee Maffia, in her capacity as Administrator
of Twin Rivers Nursing and Rehabilitation Center
98 Burglen Hills Drive
Tell City, IN 47586

and John Does 1 through 5,
Unknown Defendants

Notice is hereby given that counsel for Plaintiffs has caused to be served on

Defendants in the above entitled action the following:

1.      Plaintiff's First Set of Interrogatories to Defendants; and

2.      Plaintiff's First Set of Requests for Production of Documents to

Defendants;

3.      Plaintiff's First Set of Interrogatories to Administrator Defendant;

4.      Plaintiff's First Set of Requests for Production of Documents to

Administrator Defendant.

The undersigned attorney retains the originals of the above documents as

custodian thereof.

Respectfully submitted this 21st day of
July, 2015,

Karen Arnold,

By:      _____
         Brian M. Jasper (KY 94428)
         **WILKES and McHUGH, P.A.**
         429 North Broadway
         P.O. Box 1747
         Lexington, KY 40588-1747
         Telephone:    (859) 455-3356
         Facsimile:    (859) 455-3362
         *Attorney for Plaintiff*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF DAVIESS COUNTY**
**DIVISION I**

**Civil Action File No.15-CI-636**

Karen Arnold                                                                    PLAINTIFF

v.              **PLAINTIFF'S FIRST SET OF INTERROGATORIES**
                **TO NURSING HOME DEFENDANTS**

Owensboro Health Facilities, L.P                                DEFENDANTS
d/b/a Twin Rivers Nursing and Rehabilitation Center
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

Owensboro Health Facilities GP, LLC
c/o Robert J. Riek
5500 W. Plano Parkway, Suite 210
Plano, TX  75093

Preferred Care Partners Management Group, L.P.
c/o Registered Agent Solutions, Inc.
1701 Directors Blvd.
Suite 300
Austin, TX 78744

PCPMG, LLC
c/o Registered Agent Solutions
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Preferred Care of Delaware, Inc.
d/b/a Preferred Care, Inc.
c/o National Registered Agents, Inc.
306 W. Main Street
Suite 512
Frankfort, KY 40601

Kentucky Partners Management, LLC
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 129
Lexington, KY 40504

Shelly Ranee Maffia, in her capacity as Administrator
of Twin Rivers Nursing and Rehabilitation Center
98 Burglen Hills Drive
Tell City, IN 47586

and John Does 1 through 5,
Unknown Defendants

Plaintiff propounds the following First Set of Interrogatories to Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc.; Kentucky Partners Management Group, LLC; Kentucky Partners Management, LLC; Preferred Care Partners Management Group, L.P.; PCPMG, LLC; Owensboro Health Facilities, LP d/b/a Owensboro Nursing and Rehabilitation and Owensboro Health Facilities, GP, to be answered in accordance with the Kentucky Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.      *"You or Your."* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      *"Defendant."* The term "Defendant" is defined as any and all of the Nursing Home Defendants defined in the *Complaint*.

4.      *"Document."* The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings,

2

graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5.      *Identify*" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

6.      "*Identify*" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

7.      "*Facility*." For purposes of this Request for Production, "facility" is defined as Twin Rivers Nursing and Rehabilitation Center – at 2420 W 3rd St. Owensboro, KY 42301.

8.      "*Residency*." For purposes of this Request for Production, "*residency*" is defined as the period during which time Karen Arnold was a resident of Twin Rivers Nursing and Rehabilitation Center from February 4, 2015 until February 22, 2015.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Who or what entity was the licensee of the facility during the residency? Please list the date each person or entity was a licensee. If the

licensee was a corporation, please list the exact corporation name and registered agent. If the licensee was a general partnership, please list the exact name of the partnership as well as the names and addresses of all of the partners. If the licensee was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY NO. 2:**   State who or what entity was the owner of the facility from the date of Karen Arnold's admission until service of the complaint. Please list the date that each person or entity was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all the partners. If the owner was a limited partnership, please list the exact name of the limited partnerships as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY NO. 3:**   If the owner of the facility was owned by another entity during the residency, please list the date each person was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all partners. If the owner was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

4

**INTERROGATORY NO. 4:**    Please identify all individuals who were employed at the facility during the residency; state whether each individual provided any care or services to Karen Arnold, and state whether each individual is currently an employee of the facility or any Defendant.

The purpose of this interrogatory is to identify all individuals who either witnessed or had the opportunity to witness the circumstances, events or occurrences that are relevant to the facts and issues in the instant case. This interrogatory is intended to include any caregiver or other employee, including dietary workers, laundry workers, maintenance person or any other employee whatsoever.

Due to the illegibility of initials and signatures of nurses and others, in the medical records and the illegibility of initials and lack of signatures by nurse aides, as well as due to the fact that no other identifying information of the signer is contained in the medical records (i.e., complete name, social security number, address, position, current employment status), you are hereby notified that merely referencing the medical records of Karen Arnold in response to this interrogatory will constitute an inadequate answer.

Further, Defendants should be aware that this interrogatory is not simply asking for the information as it pertains to caregivers of the resident only, but is in fact asking for this information on each and every employee of the facility during the entire residency of Karen Arnold.

**ANSWER:**

**INTERROGATORY NO. 5:** Please identify each Administrator, Director of Nursing and Assistant Director of Nursing employed at the facility during the residency and state the dates of service for each.

**ANSWER:**

**INTERROGATORY NO. 6:** Please identify each outside consultant utilized by the facility during the residency, including but not limited to dietary consultants, medical records consultants, physical therapy consultants, nursing consultants, or pharmacy consultants.

**ANSWER:**

**INTERROGATORY NO. 7:** Please identify each medical director for the facility during the residency, and state the dates of service for each medical director.

**ANSWER:**

**INTERROGATORY NO. 8:** Please identify each employment agency utilized by the facility during the residency for any employment need, including but not limited to nursing, dietary, housekeeping, administrative or janitorial. Further, please state the date(s) each agency was utilized.

**ANSWER:**

**INTERROGATORY NO. 9:** Do Defendants have in their custody or control any records or reports prepared and/or obtained by the facility, or prepared or obtained by third parties at the facility's direction or request, that refer in any way to any event, incident, or accident involving Karen Arnold, including, but not limited to, medication errors, emergencies, unsafe living conditions, falls, injuries, treatment errors, assaults or invasions by staff or residents, and/or thefts of resident property? If so, please state the

title of each report or record, the name and job title of the individual who prepared the record or report, the name and job title of the individual who directed that the report or record be created, the name and job title of each individual who has reviewed or had custody or control of such report or record, or copy thereof, since it was created, the name and job title of each individual who currently has custody or control of each report or record, and the current location of each report or record.

**ANSWER:**

**INTERROGATORY NO. 10:**   Please identify each person believed or known by Defendants to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

**INTERROGATORY NO. 11:**   Please list the date and substance of any investigation which Defendants know or believe was conducted by any governmental agency concerning Karen Arnold, including, but not limited to, any state or federal agency, the Cabinet for Health and Family Services, Office of Inspector General, Department for Community Based Services, Adult Protective Services, Long Term Care Ombudsman, Department of Elder Affairs, or law enforcement offices, together with the name and address of the agency that conducted the investigation.

**ANSWER:**

**INTERROGATORY NO. 12:**   Please identify each company utilized to manage or operate the facility at any time during the residency. For each company, please identify the time periods during which the company was utilized. If the company is a corporation, please identify the exact corporation name and registered agent. If the

company is a general partnership, please identify the exact name of the partnership as well as the names and addresses of all of the partners. If the company is a limited partnership, please identify the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY NO. 13:**   Identify all members of the governing body for the facility during the residency, including:

    a)     Name;

    b)     Current or last known home address;

    c)     Current or last known place of employment;

    d)     Telephone number; and,

    e)     Dates each identified person served as a member of the governing body for the facility.

**ANSWER:**

**INTERROGATORY NO. 14:**   Please state whether Defendants had a system to record consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility. If so, please identify, with sufficient particularity to form the basis of a request to produce, the names and types of records of consumer, resident or employee suggestions; the person or persons primarily responsible for sorting, filtering or responding to consumer, resident or employee suggestions; and the name and business address of the records custodian who maintains the above consumer, resident or employee suggestions.

**ANSWER:**

**INTERROGATORY NO. 15:** Specifically state each and every date nursing personnel of the facility or any person engaged by you to render services at the facility notified any physician or family member of Karen Arnold about any change in the condition of Karen Arnold or any problem with respect to hercare.

**ANSWER:**

**INTERROGATORY NO. 16:** Please list and describe in detail each and every document, item or thing which supports any defense on which you intend to rely at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 17:** Please identify each person who you may call as a witness in this case, the subject matter to which each person will testify, and the substance of the facts to which each person will testify.

**ANSWER:**

**INTERROGATORY NO. 18:** Please state each date during the residency that the facility failed to have the minimum level of staff working in the facility as required by any state or federal agency, including, but not limited to, the Cabinet for Health and Family Services, Office of Inspector General, Department for Community Based Services, Adult Protective Services, Long Term Care Ombudsman, or the Department of Elder Affairs Provider Manual.

**ANSWER:**

**INTERROGATORY NO. 19:** Please identify the name, last known address, telephone number and dates of service of every person who performed any type of audit or review of medical charts at the facility during the residency.

**ANSWER:**

**INTERROGATORY NO. 20:**   Please identify all insurance policies affording potential coverage for the claims alleged in Plaintiff's Complaint. For each policy, state the following:

      a)      The name of the insurance carrier;

      b)      The named insured as shown on the policy;

      c)      Coverage limits per person, per occurrence and aggregated limits;

      d)      Whether the policy is an occurrence or claims made policy;

      e)      Whether the coverage is primary, excess or umbrella; and,

      f)      Whether any insurance carrier has denied coverage or is defending under a reservation of rights.

**ANSWER:**

**INTERROGATORY NO. 21:**   Identify each person whom you, or your attorney, expect to call as an expert witness at the trial of this action, and with respect to each person, state:

      a)      His or heridentity (Full name, home address, business address, educational background, etc.);

      b)      The subject matter on which each expert is expected to testify;

      c)      The substance of the facts and opinions to which the expert is expected to testify; and,

      d)      A summary of the grounds for each opinion.

PLEASE TAKE NOTE THAT THIS PARTY WILL OBJECT TO ANY PERSON TESTIFYING AS AN EXPERT AT TRIAL WHO IS NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY.

**ANSWER:**

**INTERROGATORY NO. 22:**   Please identify each dietary aide or dietician for the facility during the residency, and state the dates of service for each and every dietary aide or dietician.

**ANSWER:**

**INTERROGATORY NO. 23:**   Identify the name, business address, specialty, and relationship, if any, to Defendants of each physician who had responsibility for treating Karen Arnold at the facility.

**ANSWER:**

**INTERROGATORY NO. 24:**   Are you aware of any care, services or treatment provided to Karen Arnold at the facility that is not documented in the facility chart?  If so, please state:

    a)    a description of the service, care or treatment provided;

    b)    the date on which the service, care or treatment was provided; and

    c)    the name and position of the person who provided the care, service or treatment.

**ANSWER:**

**INTERROGATORY NO. 25:**   Are you aware of any care, services or treatment that is documented in Karen Arnold' facility chart but was not provided?  If so, please state:

    a)    a description of the service, care or treatment documented as provided;

    b)    the date on which the service, care or treatment was documented as being provided;

    c)    the name and position of the person who provided the care, service or treatment; and,

d)    the location of the documentation of the care, service or treatment provided that was not provided.

**ANSWER:**

**INTERROGATORY NO. 26:**  Please identify, with sufficient particularity to formulate the basis of a request to produce, all records of any kind prepared and/or maintained by the facility, which pertain in any way to Karen Arnold, and state the name, title, and business address of the custodian of each such record.

**ANSWER:**

**INTERROGATORY NO. 27:**   Do you claim that the Plaintiff, or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit? If your answer is "Yes," please describe in detail each act or omission on the part of the Plaintiff, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part the resident's injuries.

**ANSWER:**

**INTERROGATORY NO. 28:**   Please state the name and address of each consulting expert whose report or work product was reviewed by a testifying expert in this case.

**ANSWER:**

**INTERROGATORY NO. 29:**   Please identify all statements made by or concerning Karen Arnold and/or evaluations of Karen Arnold pertaining to her residency at the facility.

**ANSWER:**

**INTERROGATORY NO. 30:**   Please identify the individual(s) who conducted the

medical record review of Karen Arnold' chart prior to this case being filed.

**ANSWER:**

Respectfully submitted this 21 ST day of July, 2015,

Karen Arnold

By:   _____

Brian M. Jasper (KY 94428)
**WILKES and McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:   (859) 455-3356
Facsimile:     (859) 455-3362
*Attorney for Plaintiff*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF DAVIESS COUNTY**
**DIVISION I**

**Civil Action File No.15-CI-636**

Karen Arnold                                                                                    PLAINTIFF

v.                    **PLAINTIFF'S FIRST SET OF REQUESTS FOR**
                      **PRODUCTION TO NURSING HOME DEFENDANTS**

Owensboro Health Facilities, L.P                                        DEFENDANTS
d/b/a Twin Rivers Nursing and Rehabilitation Center
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

Owensboro Health Facilities GP, LLC
c/o Robert J. Riek
5500 W. Plano Parkway, Suite 210
Plano, TX  75093

Preferred Care Partners Management Group, L.P.
c/o Registered Agent Solutions, Inc.
1701 Directors Blvd.
Suite 300
Austin, TX 78744

PCPMG, LLC
c/o Registered Agent Solutions
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Preferred Care of Delaware, Inc.
d/b/a Preferred Care, Inc.
c/o National Registered Agents, Inc.
306 W. Main Street
Suite 512
Frankfort, KY 40601

Kentucky Partners Management, LLC
c/o Registered Agent Solutions, Inc.
828 Lane Allen Road
Suite 129
Lexington, KY 40504

Shelly Ranee Maffia, in her capacity as Administrator
of Twin Rivers Nursing and Rehabilitation Center
98 Burglen Hills Drive
Tell City, IN 47586

and John Does 1 through 5,
Unknown Defendants

Plaintiff propounds the following First Set of Requests for Production of Documents to Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc.; Kentucky Partners Management Group, LLC; Kentucky Partners Management, LLC; Preferred Care Partners Management Group, L.P.; PCPMG, LLC; Owensboro Health Facilities, LP d/b/a Owensboro Nursing and Rehabilitation and Owensboro Health Facilities, GP, to be answered in accordance with the Kentucky Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.      "*You or Your.*" The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      "*Person.*" The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      "*Defendant.*" The term "Defendant" is defined as any and/or all of the following: Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc.; Kentucky Partners Management Group, LLC; Kentucky Partners Management, LLC; Preferred Care Partners Management Group, L.P.; PCPMG, LLC; Owensboro Health Facilities, LP d/b/a Owensboro Nursing and Rehabilitation and Owensboro Health Facilities, GP.

2

4.      *"Document."* The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5.      *"Facility."* For purposes of this Request for Production, "facility" is defined as Twin Rivers Nursing and Rehabilitation Center – at 2420 W 3rd St. Owensboro, KY 42301.

6.      *"Residency."* For purposes of this Request for Production, "residency" is defined as the period during which time Karen Arnold was a resident of Twin Rivers Nursing and Rehabilitation Center from February 4, 2015 until February 22, 2015.

7.      To preserve the privacy of residents other than Karen Arnold, Defendants may delete, obliterate, or otherwise redact the names of residents other than Karen Arnold from documents produced in response to these Requests for Production of Documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST TO PRODUCE NO. 1:**      Please   produce   a   Bates-stamped electronic copy on a CD in of the original chart for Karen Arnold at the facility, including but not limited to the following:

a)      Admission and Discharge documents;

b)      Resident Assessments Protocols (RAPs);

c)      Minimum Data Sets (MDS);

3

d)      Care Plans;

e)      Physician's Notes;

f)      Physician's Orders;

g)      Nursing/Nurse's Notes;

h)      Medication Administration Records (MARs);

i)      Treatment Records;

j)      CNA Flowsheets, notes, assignments, or any other document memorializing the care and treatment of Karen Arnold given by CNAs;

k)      Activities of Daily Living (ADLs);

l)      Social Service Notes;

m)      Advance Directives, including Acknowledgement of Resident's Rights, Living Will, Do Not Resuscitate Orders (DNR), Consent Forms;

n)      Diagnosis; including EKG's, x-rays, laboratory studies or other test performed during the residency;

o)      Nutritional Notes;

p)      Rehabilitation Notes; and

q)      Miscellaneous Assessments, including behavior monitors, pressure sore risk assessments, fall risk assessments, and bowel and bladder assessments.

r)      Narcotic logs, including all documents used to track the administration of controlled substances.

**RESPONSE:**

4

**REQUEST TO PRODUCE NO. 2:**       Please    produce    all    Policy    and

Procedures  Manuals  in  effect  for  the  facility  during  the  residency,  including  but  not

limited to:

a)      Management;

b)      Nursing;

c)      Wound care;

d)      Falls;

e)      Elopement;

f)      Mental Health;

g)      Weight loss;

h)      CNA policies and training;

i)      Urinary tract infections;

j)      Infection Control;

k)      Medication;

l)      Social Services;

m)      Activities;

n)      Administrative;

o)      Personnel;

p)      Food Services; and

q)      Restorative and/or Maintaining Function.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 3:**       Please    produce    all    skin    audits

performed on Karen Arnold at the facility, including any reference to:

a)      The area of the body that was affected;

b)      The determination of the skin audit and/or examination;

c)      The regimen followed to correct the problem; and,

d)      The final outcome of the affected area or body part.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 4:**      Please produce all writings, e-mails, memoranda, notes, or documents of any kind that were provided to Karen Arnold's physician(s) or that memorialize any notification regarding Karen Arnold to her physician(s).

**RESPONSE:**

**REQUEST TO PRODUCE NO. 5:**      Please produce all food and/or fluid intake sheet/records or documents of any kind that evidence or memorialize Karen Arnold's food and/or fluid consumption.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 6:**      Please produce color copies of all photographs taken by Defendants of Karen Arnold during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 7:**      Please produce all quarterly consumer satisfaction surveys for the facility during the residency, or covering the time period encompassing the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 8:**      Please produce complete and itemized bills for any and all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which the facility charged Karen Arnold or any third

party payer on behalf of Karen Arnold while she was a resident at your facility, including, but not limited to:

e) All bills or statements submitted to Medicaid or Medicare, or any fiscal intermediary for Medicaid or Medicare, for supplies, therapies, or other ancillary charges covering care, supplies, equipment, or other ancillary charges for Karen Arnold.

f) All bills or statements submitted to Karen Arnold, her power of attorney, guardian, or family for room and board, services, supplies, equipment, or other items provided to Karen Arnold, including co-payments or deductibles, by the facility.

g) All revenue reports and/or remittance advisories that reflect reimbursement made by Medicare, Medicaid, private insurance, or any individual for room and board, services, supplies, equipment, or other items provided by the facility; and

h) All statements, lists, or reconciliations of trust accounts reflecting funds received from Karen Arnold's power of attorney, guardian, or family or held in trust for the benefit of Karen Arnold.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 9:**     Please produce all insurance policies that were in effect during the residency, including primary, umbrella, and excess that covered employees, agents, officers and/or consultants of the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 10:**     Please produce the floor plan of the facility that reflects the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 11:**     Please produce a copy of the organizational charts and/or corporate structures of Defendants effective during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 12:**   Please produce all contracts related to management, consulting, and/or administrative services provided to the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 13:**   Please produce all contracts with outside consultants or medical doctors who provided care or services to the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 14:**   Please produce all provider agreements between Defendants and the Commonwealth of Kentucky for the period of the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 15:**   Please produce all provider agreements between Defendants and the federal government for the period of the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 16:**   Please produce all resident council minutes for meetings that took place at the facility during the residency and for the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 17:**   Please produce all written job descriptions for the Medical Director, Administrator, Director of Nursing and Assistant Director of Nursing of the facility in effect during the residency.

**RESPONSE:**

8

**REQUEST TO PRODUCE NO. 18:**      Please produce all internal staffing calculation documents for the facility applicable to the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 19:**      Please produce all daily census reports and/or records with resident acuity information for the facility applicable to the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 20:**      Please produce color copies of all weekly work schedules, employee sign-in sheets, payroll records and timecards and/or timesheets showing the identity, number (quantity), or classification (e.g. LPN, R.N., Nurse Aide, etc.) of all nursing personnel, (including nurses, nurses' aides, medication aides and orderlies) who worked on each unit or wing in the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 21:**      Please produce all employee satisfaction surveys for the facility during the residency and the six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 22:**      Please produce all surveys, mock surveys, documents, reports, and tools, applicable to the residency of Karen Arnold, and six months before, which memorialize Defendants' evaluation and monitoring of the facility's compliance with mandatory regulations, policies and procedures, and care given to the residents.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 23:**     Please     produce     applications     for

employment for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 24:**     Please     produce     documentation     of

criminal background checks for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 25:**     Please     produce     licensing/certification

documentation for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 26:**     Please     produce     all     documentation

reflecting disciplinary actions including reprimands and complaints by third parties, for

all persons employed at the facility during the residency and three months prior to the

residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 27:**     Please produce documents addressing

or memorializing all complaints registered by employees who worked at the facility

during the residency and for the period three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 28:**     Please produce all personnel files, in

their entirety, for any R.N., LPN, CNA, Nurse Aide, or any other licensed or unlicensed

individual that rendered care to Karen Arnold.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 29:**     Please     produce     performance evaluations for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 30:**     Please produce exit interviews/forms for all persons who ceased working at the facility during the residency and the three months after the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 31:**     Please produce resignation letters for all persons who resigned (voluntarily or involuntarily) from the facility during the residency and the three months after the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 32:**     Please produce termination letters for all persons who were terminated from the facility during the residency and the three months after the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 33:**     Please produce all internal memoranda, e-mails, or any other documents that reflect discussions of staffing issues at the facility during the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 34:**     Please     produce     all     documents     that reflect or are related to maintaining the budget at the facility, including but not limited to, inter-company memoranda, correspondence, handwritten notes and e-mails during the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 35:** Please produce all documentation and/or reports from any consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility anytime during the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 36:** Please produce all licenses issued by any state agency to operate the facility that were in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 37:** Please produce the employee files of each Administrator employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 38:** Please produce the employee files of each Director of Nursing employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 39:** Please produce the employee files of each Assistant Director of Nursing employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 40:** Please produce all reports or documents that reflect or trend survey deficiencies of the region encompassing the facility during the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 41:**     Please produce all reports or documents that reflect or trend survey deficiencies for Defendants' nursing home operations in the Commonwealth of Kentucky and/or the Kentucky/Indiana Area during the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 42:**     Please produce all reports or documents that reflect or trend survey deficiencies for Defendants' nursing home operations in the United States during the residency and the three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 43:**     Please produce all reports or documents that reflect or trend the census mix for the region encompassing the facility during the residency and for three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 44:**     Please produce all reports or documents that reflect or trend the census mix for the Commonwealth of Kentucky and/or the Kentucky/Indiana area during the residency and for three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 45:**     Please produce all reports or documents that reflect or trend the census mix for the Defendants' nursing home operations in the United States during the residency and for three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 46:**     Please produce all reports or data compilations that concern the status or condition of residents at the facility that were

reviewed by Defendants' corporate offices during the residency and three months prior to the residency. This request includes but is not limited to any and all of the following:

    i)        Standard of Care Reports (for the Region that included Twin Rivers Nursing and Rehabilitation Center)

    j)        Quality Indicator Reports (as they existed, with no redactions)

    k)        Weight Reports

    l)        Decubitus Ulcer Reports

    m)      Falls Reports

**RESPONSE:**

**REQUEST TO PRODUCE NO. 47:**    Please produce all CNA work/wing assignments for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 48:**    Please produce all shift change reports for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 49:**    Please produce all resident council minutes for meetings that took place at the facility during the residency, and for the period six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 50:**    Please produce all documents that recorded consumer, resident or employee suggestions (i.e. suggestion box, 800 number, etc.) regarding the facility during the residency and six months prior to the residency. This request includes all emails related to resident care in the facility that were forwarded to individuals responsible for operating and overseeing the operations of the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 51:**     Please produce all bonus or incentive programs, applicable to administrators or other staff of the facility, applicable to all district staff responsible for overseeing or assisting with operations at the facility, and all Regional staff in the region which included the facility for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 52:**     Please produce a copy of all e-mail transmissions from the administrator of the facility to any corporate employee, agent or representative to the administrator of the facility concerning staffing issues at the facility during the residency and three months prior to the residency of Karen Arnold. This request specifically seeks emails related to lack of staff and/or the effect of lack of staff on resident care, including e-mails related to the high number of pressure sores at the facility. (Defendants may redact the names of residents other than Karen Arnold.)

**RESPONSE:**

**REQUEST TO PRODUCE NO. 53:**     Please produce a copy of all email transmissions from the administrator of the facility to the Defendants' regional or national corporate offices or from the Defendants' regional or national corporate offices to the administrator of the facility concerning payroll management related to CNA and Nurse staffing at the facility, resident care at the facility, increasing the census numbers at the facility, and increasing (or decreasing) staffing at the facility during the residency and three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 54:**     Please produce copies of all documents describing pre-surveys or mock surveys conducted at the facility during the residency and three months prior to the residency of Karen Arnold.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 55:**     Please produce all emails or other electronic communications by the following users:  Administrator, Director of Nursing, Regional Director of Clinical Operations, Regional Director of Operations, Regional Marketing Director, or Area Vice President, containing the following terms and/or derivations thereof:  Karen Arnold, pressure sore, sepsis, urinary tract infections, acute renal failure, dehydration, malnutrition, weight loss, hygiene, fall, hematoma, fracture, death, staff, budget, PPD (Per Patient Day), labor hours, census, skilled mix, Medicare, survey deficiencies, neglect, and abuse.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 56:**     Please produce all written consents, minutes and/or transcriptions of all annual and special meetings of the Board of Directors of each of the Defendants that were held in the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 57:**     Please produce a copy of the Bylaws outlining the duties and responsibilities of the Board of Directors of each of the Defendants in effect for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 58:**     Please produce all Audited financial statements of all Defendants for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 59:**     Please produce all unaudited financial statements of all Defendants for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 60:**     Please produce all State and Federal Income Tax Returns for all Defendants for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 61:**     Please produce all loan applications filed by, or on behalf of the Defendants during the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 62:**     Please produce all annual reports prepared by Defendants and/or their parent company, for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 63:**     Please produce all Securities and Exchange Commission 10-K filings for Defendants and/or their parent company, for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 64:**     Please produce all Profit and Loss Statements of all Defendants for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 65:**     Please produce all facility cost reports for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 66:**      Please produce all home office cost reports pertaining to or referencing the facility for the year 2015.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 67:**      Please produce all family council meeting minutes for the facility during the residency and for three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 68:**      Please produce the curriculum vitae for each expert you plan to use at the trial of this case.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 69:**      Please produce a copy of any written opinion of each expert which you plan to use at the trial of this case.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 70:**      Please produce a copy of all documents, treatises, authoritative publications, etc. upon which any of the experts you plan on using at trial in this case have relied.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 71:**      Please produce all reports based upon tests, examinations, and analysis of documents that any of your testifying experts in this case have provided.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 72:**      Please produce a complete list of all documents, depositions, exhibits, plans, drawings, ordinances or statutes which each testifying expert has used in developing his/her opinion.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 73:**      Please produce all reports setting forth your testifying expert's opinions or conclusions reached from their examination or any test they conducted.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 74:**      Please produce all documents that concern Karen Arnold in any way that have not been produced in response to any request for production above.

**RESPONSE:**

Respectfully submitted this 21ˢᵗ day of July, 2015,

Karen Arnold,

By:      _____

Brian M. Jasper (KY 94428)
**WILKES and McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone:    (859) 455-3356
Facsimile:     (859) 455-3362
*Attorney for Plaintiff*

19